UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No.: 24-cr-10121-ADB |
| v. ) | |
| ) | |
| JAMES SNOW, a/k/a "TANK," ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S DETENTION EXHIBIT LIST

The United States of America, by and through its counsel of record, the United States Attorney for the District of Massachusetts and Assistant United States Attorney John T. Dawley, Jr. hereby opposes the Defendant's, James Snow, (hereinafter the "Defendant" or "Snow") request for release from detention, scheduled for a hearing on October 15, 2024 (DE 50).

Under the Bail Reform Act of 1984, detention of a defendant is required if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government is required to demonstrate, by a preponderance of the evidence, that a defendant poses a risk of flight or, by clear and convincing evidence, that he is a danger to the community. *United States v. Patriarca,* 948 F.2d 789, 792–793 (1st Cir.1991). In considering the government's request to detain the Defendant, the Court must determine whether any condition or combination of conditions will reasonably assure "the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).[1] The government argues that it has sufficiently shown the risk of flight and danger to the community that the Defendant poses; there are no conditions of the Defendant's release that

---

[1] As noted by the Senate Judiciary Committee: "This reference to safety of any other person is intended to cover the situation in which the *safety of a particular identifiable individual, perhaps a victim or witness*, is of concern, while the language referring to the safety of the community refers to the danger that *the defendant might engage in criminal activity to the detriment of the community*." S. Rep. No. 98-147, at 39 (1983) (emphasis added; footnotes omitted); *see also United States v. Patriarca,* 948 F.2d 789, 792–793 (1st Cir.1991).

would ensure the safety of the public. Additionally, here "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community" given the charges in this indictment. 18 U.S.C. § 3142(e)(2). The government has submitted the following 17 exhibits;

1. A chart of drug weights and other controlled purchase items;
2. Images of co-defendants Loughman, Snow, Steenbruggen, and Adams;
3. Images of two locations, in Wakefield and Byfield, Massachusetts;
4. Text messages involving Snow for 10.5 controlled buy;
5. Text messages involving Snow for 11.3 controlled buy;
6. Phone toll analysis involving Snow during 11.15 and 11.29 controlled buys;
7. Still images of Snow during 11.29 controlled buy;
8. Text messages involving Snow, with new number, for 12.7 controlled buy;
9. Text messages, still image, & photograph involving Snow for 12.28 controlled buy;
10. Photograph of firearm and ammunition, sold by Snow during 1.24 controlled buy;
11. Photograph of firearm, sold by Snow during 2.14 controlled buy;
12. Photograph of firearms and ammunition, sold by Snow during 2.21 controlled buy;
13. Text messages involving Snow for 3.27 controlled buy;
14. Text messages involving Snow, with two new numbers, in June and July, 2024;
15. 2350cr1531 (Docket, Report and Photos) for July 2023 incident of receiving stolen property of a $7,200 landscaping trailer, convicted and on probation until May 2025;
16. 1950cr0836 (Docket and Report) for April 2019 arrest for unlicensed possession and improper storage of a large capacity firearm following a state police search warrant of a Pagan's Motorcycle Club clubhouse in Everett; and
17. 1811cr3375 (Docket and Report) for June 2018 arrest for improper storage of a large capacity firearm, convicted and placed on probation, including being ordered to have no association with biker gangs/organizations.

Based on the foregoing, including the reasons that the government will articulate during argument during the detention hearing, and supplemented by the government's exhibits submitted for this matter, the United States of America requests that the Court deny the Defendant's Request for Release from Detention and order that Snow be detained pending trial.

                                                Respectfully submitted,

                                                JOSHUA S. LEVY
                                                Acting United States Attorney

By:    */s/ John T. Dawley, Jr.*
        John T. Dawley, Jr.
        Assistant U.S. Attorney

Date: October 10, 2024

## CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                    */s/ John T. Dawley, Jr.*
                    John T. Dawley, Jr.
                    Assistant U.S. Attorney

Date: October 10, 2024