## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>JAMES SNOW<br>             Defendant. | Criminal 24-cr-10121-ADB |

## DEFENDANT'S MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR PRETRIAL RELEASE

Defendant, James Snow, by and through his undersigned counsel, in further support of Defendant's Motion for Pretrial Release (ECF 48), states the following:

Consistent with 18 U.S. Code § 3142 and U.S. Probation's recommendations set forth in the Pretrial Services Report, Mr. Snow should be released to an in-patient treatment program and ordered to complete mental health treatment. Following his release from such program, he should be released to live with William Snow, his uncle, who, in addition to providing Mr. Snow housing, has also agreed to serve as a third-party custodian. Not only would his release under these, and the other conditions recommended by Probation, reasonably assure Mr. Snow's appearance in these proceedings and the safety of the community, but it would provide Mr. Snow with care and treatment for long-standing mental health and substance use issues, which he very much needs and greatly desires.

At the October 15, 2024 detention hearing, the Court expressed concerns about Mr. Snow's mental health and his past involvement with firearms. But the firearms-related charges in Mr. Snow's criminal record do not show a history of violence and should not be used as the basis for his continued detention. Eight of the nine firearms-related charges on Mr. Snow's

Criminal Offender Record Information (CORI) Form were nol-prossed.  *See* Pretrial Services Report at 4. Additionally, seven of those charges, all of which were nol-prossed, stem from just one arrest in April 2019.  *See id.*  The one firearms-related charge that was not nol-prossed resulted in Mr. Snow pleading guilty to one charge of improper storage of a firearm under MGL c. 140 §131L(a)&(b), which ultimately led to a sentence of probation.  *See id.*  At the time of that arrest – an arrest that ultimately stemmed from Mr. Snow's worsening depression, not his use of a firearm – Mr. Snow possessed a valid license to carry a firearm.  *See id.* at 3.  None of the firearms-related charges reflected on his CORI Form or in the instant case involve allegations that Mr. Snow ever threatened anyone with a firearm, used a firearm in furtherance of a crime, or discharged a firearm.  *See id.* at 4.  Moreover, the record in this case shows that Mr. Snow was fully cooperative and did not possess any weapons at the time of his arrest.  In fact, according to reports provided during the discovery process, the ATF Special Agent who arrested Mr. Snow went so far as to provide him with a meal from McDonalds during transport to the Middlesex House of Correction – an unlikely gesture if a defendant presented any threat of violence or danger to the officer.

Additionally, the conditions recommended by Probation and proposed here would also ensure the safety of the community because Mr. Snow will not have access to firearms while in treatment or when released to his uncle's home.  As Probation has already confirmed, Mr. Snow's uncle, William Snow, does not have firearms in the house and is prepared to act as a third-party custodian.  In other words, Mr. William Snow will ensure that Mr. Snow abides by his conditions of release, including by participating in appropriate ongoing treatment and by not possessing firearms of any sort.

Mr. Snow's medical records,[1] submitted separately to the Court, and his attempts over the past several years to seek treatment show that he suffers from depression and needs the mental health and other treatment that Probation recommends he receive in connection with his release. What the records and Mr. Snow's criminal history do not show is that he presents a danger to others or a flight risk. His participation in an in-patient treatment program and subsequent release to his uncle's custody would ensure that he does not have access to firearms. Perhaps just as importantly, Mr. Snow knows that now is the time to address the underlying issues in his life that led to his homelessness and worsening depression before his arrest in this case. While recognizing that he continues to face serious charges in this matter, he also desperately wants to begin the important journey of addressing his mental health and substance use issues that led him to this place and respectfully requests that the Court afford him an opportunity to do so.

For the reasons set forth herein, as well as those discussed during the detention hearing on October 15, 2024, Mr. Snow respectfully requests that the Court release him on the conditions recommended by U.S. Probation and any others the Court deems appropriate.

Dated: November 4, 2024

Respectfully submitted,

*/s/* Sarah E. Walters
Sarah E. Walters # 638378
James P. Dowden #647539
Kevin J. Travaline #711705
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050

*Counsel for Defendant James Snow*

---

[1] In addition to the medical records submitted to the Court today, Defendant's counsel has attempted to obtain the records of a mental health evaluation conducted on Mr. Snow at the Donald W. Wyatt Detention Facility. As a result of such evaluation, the Defendant was prescribed additional medications to address his mental health issues. Despite providing a HIPPA release form to the facility and attempting several times to contact the facility to request records from the evaluation, Defendant's counsel has been unable to obtain such records.

## CERTIFICATE OF SERVICE

    I hereby certify that on November 4, 2024, I filed the foregoing Memorandum in Further Support of Defendant's Motion for Pretrial Release with the United States District Court for the District of Massachusetts using the CM/ECF system and caused it to be served on all registered participants via the notice of electronic filing.

/s/ Sarah E. Walters  
Ropes & Gray LLP
