UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10121-ADB |
| | ) | |
| (2) JAMES SNOW, a/k/a "TANK," | ) | |
| Defendant. | ) | |

## UNITED STATES' PROVISIONAL MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In his plea agreement, defendant James Snow, a/k/a "Tank," (the "Defendant"), agreed to entry of the requested order. *See* Docket No. 128 (Rule 11(c)(1)(C) plea agreement).

Significantly, the plea agreement has been offered pursuant to Rule 11(c)(1)(C) and this Court has not yet determined whether to accept the plea. The government respectfully requests the Court consider this motion if, and only if, the Court accepts the Plea Agreement.

In support thereof, the United States sets forth the following:

1. On September 18, 2024, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging the Defendant, and others, with Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 846 (Count Two), Possession with Intent to Distribute , and Distribution of, 50 Grams and More Methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count Four), and Engaging in the Business of Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A) (Count Five)[1].

2.      The Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Five of the Superseding Indictment, of any firearm and ammunition involved in or used in any knowing commission of the offense.  Such property specifically included, without limitation:

(a)      A Colt model 1908, .380 caliber pistol, bearing serial number 4179;

(b)      31 rounds of .380 ammunition;

(c)      A Smith and Wesson, Model 559, 9mm caliber pistol, bearing serial number A755063;

(d)      A Springfield Armory, Model XD 5, .45 caliber pistol, bearing serial number HG115035;

(e)      A Taurus, model 38 Special, .38 caliber revolver, bearing serial number QI28648; and

(f)      40 rounds of .45 caliber ammunition

(The "Properties").

3.      The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided

---

[1] These are all the Counts that the Defendant is being charge in the Superseding Indictment.  *See* Docket No. 30.

without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

4.     On December 1, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts Two, Four and Five of the Superseding Indictment, pursuant to a written plea agreement that he signed on November 25, 2025. *See* Docket No. 128. In Section 7 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they were involved in Defendant's offense charged in Count Five of the Superseding Indictment. *Id.* at 4-5.

5.     In light of the Defendant's guilty plea, the United States has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty. Accordingly, the Properties is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c).

6.     Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

7.      Pursuant to Rule 32.2(4)(A), Rule 11(c)(1)(C), and based upon the Defendant's consent to entry of the requested order, the Preliminary Order of Forfeiture becomes final as to the defendant upon the Court's acceptance of the Defendant's guilty plea, and upon entry by this Court at sentencing.  The instant motion and proposed order are filed in advance of sentencing, and before the Court has determined whether to accept the plea, in compliance with Rule 32.2(b)(2)(B) of the Federal Rules of Criminal Procedure, requiring the Court to allow a party an opportunity to "suggest revisions or modifications before the order becomes final."  Although the government has requested the Court delay entry of the requested order unless and until the Court accepts the plea, by filing the instant motion and proposed order in advance of sentencing, the Defendant has the opportunity to review the terms and conditions of the proposed Order and respond to the Court accordingly.

8.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c) and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

9.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Properties and any additional facts supporting the petitioner's claim and

the relief sought.

10.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court, if, and only if, the Court accepts the plea agreement tendered pursuant to Rule 11(c)(1)(C), at sentencing:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c)     retain jurisdiction for the purpose of enforcing the forfeiture; and

(d)     incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

(e)

Respectfully submitted,

LEAH B. FOLEY
United States Attorney,

By:     /s/ *Brendan T. Mockler*
JOHN T. DAWLEY JR.
BRENDAN T. MOCKLER
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: March 19, 2026          brendan.mockler@usdoj.gov