UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10121-ADB |
| | ) | |
| (2) JAMES SNOW, a/k/a "TANK," | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**BURROUGHS, D.J.**

WHEREAS, on September 18, 2024, a federal grand jury sitting in the District of Massachusetts returned a five-count Superseding Indictment charging the Defendant, and others, with Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 846 (Count Two), Possession with Intent to Distribute , and Distribution of, 50 Grams and More Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count Four), and Engaging in the Business of Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A) (Count Five);[1]

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Five of the Superseding Indictment, of any firearm and ammunition involved in or used in any knowing commission of the offense.   Such property specifically included, without limitation:

    (a)    A Colt model 1908, .380 caliber pistol, bearing serial number 4179;

---

[1] These are all the Counts that the Defendant is being charge in the Superseding Indictment.   *See* Docket No. 30.

1

(b)    31 rounds of .380 ammunition;

(c)    A Smith and Wesson, Model 559, 9mm caliber pistol, bearing serial number A755063;

(d)    A Springfield Armory, Model XD 5, .45 caliber pistol, bearing serial number HG115035;

(e)    A Taurus, model 38 Special, .38 caliber revolver, bearing serial number QI28648; and

(f)    40 rounds of .45 caliber ammunition

(Collectively, the "Properties").

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on December 1, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts Two, Four and Five of the Superseding Indictment, pursuant to a written plea agreement that he signed on November 25, 2025;

WHEREAS, in Section 7 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they were involved in Defendant's offense charged in

2

Count Five of the Superseding Indictment;

WHEREAS, in light of the Defendant's guilty plea, the United States has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty. Accordingly, the Properties is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c);

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. §2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government

forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6.     Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. §2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7.     Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. §2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8.     Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. §2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9.     Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

Preliminary Order of Forfeiture will become final as to the Defendant at the time of his

sentencing, will be part of the Defendant's criminal sentence, and will be included in the

criminal judgment entered by this Court against him.

_____

**ALLISON D. BURROUGHS**
United States District Judge


Dated: _____